UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA and the
STATE OF NEW YORK, ex rel.
LEE M. MANDEL, MD, FACS,

    Plaintiffs,

v.

JAMES A. SAKR, MD,

    Defendant.

**DECISION AND ORDER**

17-CV-907S

## I.  INTRODUCTION

This is a False Claims Act action arising from allegedly fraudulent Medicare and Medicaid reimbursement claims Defendant James Sakr made for otolaryngology procedures. Before this Court is Plaintiff's motion to strike five of Sakr's affirmative defenses, which this Court will grant in part and deny in part, for the following reasons.

## II.  BACKGROUND

Plaintiff alleges that Defendant engaged in a fraudulent scheme related to the diagnosing and treatment of disorders of the nose and sinuses. (Complaint, Docket No. 30, ¶ 41.) The essence of the scheme, as Plaintiff depicts it, is that Defendant billed for procedures he did not perform and failed to provide sufficient documentation of the procedures' medical necessity. (Id.)

The Relator, Lee Mandel, M.D., filed a complaint in this matter on September 13, 2017. (Docket No. 1.) The Plaintiff, United States, moved multiple times for an extension of time for it to file/intervene. (See Docket Nos. 5, 7, 10, 13, 16, 18, 21, 25.) On June 25, 2020, the United States filed a notice of election to intervene (Docket No. 28), and on

August 24, 2020, it filed a complaint in intervention. (Docket No. 30.)

Defendant's answer, filed on October 15, 2020, included twelve affirmative defenses. (Docket No. 37.) Presently before this Court is the United States' motion to strike five of Defendant's affirmative defenses. (Docket No. 39.)

### III.  DISCUSSION

Plaintiff moves to strike Defendant's second, sixth, seventh, eighth, and ninth affirmative defenses. Defendant opposes this motion as to the second, sixth, and eighth affirmative defenses of failure to mitigate, laches, and waiver.

**A.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedures allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). "[M]otions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so." Kochan v. Kowalski, 478 F. Supp. 3d 440, 450–51 (W.D.N.Y. 2020) (citing Holland v. Chase Bank USA, N.A., No. 19 CIV. 233 (PAE), 475 F. Supp. 3d 272, 275 (S.D.N.Y. July 28, 2020) (quotation omitted)).

The Second Circuit recently clarified the standard for deciding a motion to strike an affirmative defense, explaining that an affirmative defense should be stricken if (1) it is not plausibly pled or (2) "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 97-98 (2d Cir. 2019). "[T]he plausibility standard of Twombly applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense," such that a party must "support [its] defenses with *some factual allegations* to make them plausible." GEOMC, 918 F.3d at 98-99 (emphasis added).

After considering a defense's factual and legal sufficiency, a court must consider whether the inclusion of the affirmative defense will prejudice the plaintiff. Id. at 98-99. Inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation. Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425–26 (S.D.N.Y. 2010).

But "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability." GEOMC, 918 F.3d at 98 (citing Lucente v. International Business Machines Corp., 310 F.3d 243, 260 (2d Cir. 2002)).

**B.   The affirmative defenses of contributory negligence and unclean hands are stricken as unopposed.**

Defendant does not respond to Plaintiff's motion to strike the defenses of contributory negligence (seventh affirmative defense) and unclean hands/ inequitable conduct (ninth affirmative defense). Plaintiff's action does not sound in negligence, so a contributory negligence defense is unavailing. And unclean hands is not available as a defense as against the government in a FCA case. United States v. Manhattan-Westchester Med. Servs., P.C., No. 06 CIV.7905 WHP, 2008 WL 241079, at *4 (S.D.N.Y. Jan. 28, 2008) (citing SEC v. Follick, No. 00 Civ. 4385(KMW)(GWG), 2002 WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002) ("[T]he doctrine of unclean hands may not be invoked against a government agency which is attempting to enforce a congressional mandate in the public interest.")). For these reasons, and because Defendant does not oppose Plaintiff's motion as to these defenses, this Court grants Plaintiff's motion as to Defendant's seventh and ninth affirmative defenses.

**C.     Failure to mitigate and laches defenses are unavailable as a matter of law but Defendant is granted leave to replead his waiver defense.**

Addressing the three remaining affirmative defenses—failure to mitigate, laches, and waiver—this Court first examines whether there are any facts asserted in support. Defendant's second affirmative defense asserts only that "Plaintiff's claims, if any, are barred, in whole or in part, by Plaintiff's failure to mitigate damages." (Docket No. 37 at p. 13.) Defendant's sixth affirmative defense states only that "Plaintiff's claims are barred by the doctrine of laches." (Id. at p. 14.) Defendants' eighth affirmative defense states that Plaintiff's claims are "barred by the doctrine of waiver." (Id. at p. 14.) None of these, as pled, contains sufficient factual matter under Twombly and Iqbal.

This Court turns to the legal bases of these defenses. As to Defendant's second affirmative defense, failure to mitigate, Plaintiff argues that this equitable defense is not available against a FCA claim as a matter of law. (Docket No. 39 at p. 5.) Defendant counters that it brings this defense only as to Plaintiff's state-law claims of unjust enrichment and payment by mistake. This Court finds that the defense is unavailable as to all of Plaintiff's claims. The Government has no duty to mitigate damages in fraud actions. United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp., 02-5702 (JAG), 2009 U.S. Dist. LEXIS 111347, *21 (D.N.J. Dec. 1, 2009) (citing Toepleman v. United States, 263 F.2d 697, 700 (4th Cir. 1959), cert. denied, 359 U.S. 989, 79 S. Ct. 1119, 3 L. Ed. 2d 978 (1959) ("Having by his fraud thrust this burden on the United States, the [defendant] cannot be exonerated by the failure of the Government to cast it off at the most propitious time.")). This Court therefore grants Plaintiff's motion to strike Defendant's second affirmative defense.

Similarly, Defendant's laches defense fails as a matter of law. Second Circuit

precedent clearly states the traditional view that a laches defense is not available against the government when it seeks to uphold a public interest, as is the case in False Claims Act cases. Manhattan-Westchester Med. Servs., No. 06 Civ. 7905(WHP), 2008 WL 241079, at *4 (Jan. 28, 2008) (citing United States v. Angell, 292 F.3d 333, 338 (2d Cir. 2002) ("[L]aches is not available against the federal government when it undertakes to enforce a public right or protect the public interest")); see also United States v. Summerlin, 310 U.S. 414, 416, 60 S. Ct. 1019, 1020, 84 L. Ed. 1283 (1940) (it is "well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.") The affirmative defense of laches will therefore be stricken.

As to Defendant's eighth affirmative defense, Plaintiff argues that waiver is not available as a defense against the government in a FCA case. Defendant points to law stating that the Attorney General can, in certain instances, waive the Government's claims. (Docket No. 39 at p. 8, citing Monahan, 2009 U.S. Dist. LEXIS 111347, at *20.) Plaintiff rightly notes that Defendant does not provide any facts regarding a possible waiver by the Attorney General to support its affirmative defense. In the interest of justice, however, Defendant is granted leave to amend its answer to adequately plead waiver, if it can muster sufficient facts to do so.

Prejudice to Plaintiff is clear in all three defenses, as the bald legal conclusions in Defendant's answer deprive Plaintiff of "fair notice, buttressed by sufficient facts, of the affirmative defenses that the defendant intends to assert," Godson v. Eltman, Eltman & Cooper, P.C., 285 F.R.D. 255, 259 (W.D.N.Y. 2012), thereby precluding Plaintiff from "properly tailor[ing] [its] discovery and motion practice as the case progresses." Coach, 756 F. Supp. 2d at 428. However, because leave to amend should be freely given, this

Court will grant Defendant leave to amend its eighth affirmative defense. Godson, 285 F.R.D. at 259 (striking affirmative defenses that were insufficiently pled but granting 14 days to replead with adequate facts).

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion to strike is granted. Because Defendant does not argue against striking the defenses of contributory negligence and unclean hands, they will be stricken. Because failure to mitigate and laches are not available as a matter of law against the government in this case, these defenses are also stricken. Defendant is granted leave to amend his answer to plead facts in support of his waiver defense.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Strike (Docket No. 39) is GRANTED.

FURTHER, that Defendant's second, sixth, seventh, and ninth Affirmative Defenses are hereby STRICKEN from his Answer.

FURTHER, that Defendant is granted leave to amend his eighth affirmative defense of waiver.

FURTHER, that if Defendant does not file an amended answer within 14 days of the entry date of this decision, his eighth affirmative defense shall be stricken from his Answer without further order of this Court

SO ORDERED.

Dated: April 20, 2021
       Buffalo, New York

>   /s/ William M. Skretny
>   WILLIAM M. SKRETNY
>   United States District Judge